IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                    4:18-CR-00318-01-JM

JEROME MCGOY

## ORDER

Defendant's Motion to Appoint Counsel (Doc. No. 104) is DENIED.

Guideline Amendment 821 does not change Defendant's criminal history category.  His

criminal history category of VI is based on his status as a career offender.  Even if Defendant

was not a career offender, his criminal history score would go from 19 to 18, but his criminal

history category and guideline range would remain the same.[1]

Additionally, Defendant's plea agreement "waive[d] the right to have the sentence

modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2]  Because Defendant

knowingly and voluntarily entered into his plea agreement, including this waiver, he is not

entitled to relief.[3]

IT IS SO ORDERED this 1st day of April, 2024.

UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 47.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).

1